MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SOFIA HERNANDEZ JUAREZ, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff,* | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| MANHATTAN LAUNDRY CENTERS INC.<br>(D/B/A MANHATTAN LAUNDRY<br>CENTER), HERE TO CLEAN, INC (D/B/A<br>HERE TO CLEAN INC.), PRECIOUS 2 NY,<br>INC.  (D/B/A PRECIOUS 2 NY, INC.),<br>EUNG HO (A.K.A CHOY) KIM, KRIS H<br>YUN, JOHN DOE (A.K.A MR. JIN), and<br>ASHIMA (A.K.A MRS. KIM, A.K.A MR.<br>KIM'S WIFE) DOE, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Sofia Hernandez Juarez ("Plaintiff Hernandez" or "Ms. Hernandez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Manhattan Laundry Centers Inc. (d/b/a Manhattan Laundry Center), Here to Clean, Inc (d/b/a Here to Clean Inc.), Precious 2 NY, Inc. (d/b/a Precious 2 NY, Inc.), ("Defendant Corporations"), Eung Ho (a.k.a Choy) Kim, Kris H Yun, John Doe (a.k.a Mr. Jin), and Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Hernandez is a former employee of Defendants Manhattan Laundry Centers Inc. (d/b/a Manhattan Laundry Center), Here to Clean, Inc (d/b/a Here to Clean Inc.), Precious 2 NY, Inc. (d/b/a Precious 2 NY, Inc.), Eung Ho (a.k.a Choy) Kim, Kris H Yun, John Doe (a.k.a Mr. Jin), and Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe.

2.       Defendants own, operate, or control a laundromat company, located at 122 Avenue C, New York, NY 10009 under the name "Manhattan Laundry Center."

3.      Upon information and belief, individual Defendants Eung Ho (a.k.a Choy) Kim, Kris H Yun, John Doe (a.k.a Mr. Jin), and Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the laundry service as a joint or unified enterprise.

4.      Plaintiff Hernandez was an employee of Defendants.

5.      Plaintiff Hernandez was employed as a dry cleaner worker at the laundry service located at East 8th Street, 122 Avenue C, New York, New York 10009.

6.      At all times relevant to this Complaint, Plaintiff Hernandez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Hernandez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Hernandez wages on a timely basis.

9.     Defendants' conduct extended beyond Plaintiff Hernandez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Hernandez  now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Hernandez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Hernandez's state law claims under 28 U.S.C. § 1367(a).

14.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate one laundromat company located in this district. Further, Plaintiff Hernandez was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

15.     Plaintiff Sofia Hernandez Juarez ("Plaintiff Hernandez" or "Ms. Hernandez") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Hernandez was employed by Defendants at Manhattan Laundry Center from approximately November 28, 2011 until on or about March 22, 2018.

17.     Plaintiff Hernandez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants own, operate, or control a laundromat company, located at 122 Avenue C, New York, NY 10009 under the name "Manhattan Laundry Centers."

19.     Upon information and belief, Manhattan Laundry Centers Inc. (d/b/a Manhattan Laundry Center) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at East 8th Street, 122 Avenue C, New York, New York 10009.

20.     Upon information and belief, Here to Clean, Inc (d/b/a Here to Clean Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 124 Avenue C, New York, NY 10009-5350.

21.     Upon information and belief, Precious 2 NY, Inc.  (d/b/a Precious 2 NY, Inc.) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 124 Avenue C, New York, New York 10009.

22.     Defendant Eung Ho (a.k.a Choy) Kim is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Eung Ho (a.k.a Choy) Kim is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Eung Ho (a.k.a Choy) Kim possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23.     Defendant Kris H Yun is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Kris H Yun is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Kris H Yun possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant John Doe (a.k.a Mr. Jin) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Doe (a.k.a Mr. Jin) is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Doe (a.k.a Mr. Jin) possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant

Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Hernandez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

26.     Defendants operate one laundromat company located in the Lower East Side section of Manhattan in New York City.

27.     Individual Defendants, Eung Ho (a.k.a Choy) Kim, Kris H Yun, John Doe (a.k.a Mr. Jin), and Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.    Each Defendant possessed substantial control over Plaintiff Hernandez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Hernandez, and all similarly situated individuals, referred to herein.

30.    Defendants jointly employed Plaintiff Hernandez (and all similarly situated employees) and are Plaintiff Hernandez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff Hernandez and/or similarly situated individuals.

32.    Upon information and belief, Individual Defendants Eung Ho (a.k.a Choy) Kim, Kris H Yun, John Doe (a.k.a Mr. Jin), and Ashima (a.k.a Mrs. Kim, a.k.a Mr. Kim's wife) Doe operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b)    defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)    transferring assets and debts freely as between all Defendants,

d)    operating Defendant Corporations for their own benefit as the sole or majority shareholders,

e)    operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)   intermingling assets and debts of their own with Defendant Corporations,

    g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)   Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Hernandez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Hernandez's services.

34.    In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the laundry service on a daily basis are goods produced outside of the State of New York.

## Individual Plaintiff

36.    Plaintiff Hernandez is a former employee of Defendants who was employed as a dry cleaner worker.

37.    Plaintiff Hernandez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

## Plaintiff Sofia Hernandez Juarez

38.    Plaintiff Hernandez was employed by Defendants from approximately November 28, 2011 until on or about March 22, 2018.

39.    Defendants employed Plaintiff Hernandez as a dry cleaner worker.

40.    Plaintiff Hernandez regularly handled goods in interstate commerce, such as detergents and other supplies produced outside the State of New York.

41.    Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

42.    Throughout her employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

43.    From approximately November 28, 2011 until on or about March 14, 2018, Plaintiff Hernandez worked as a dry cleaner worker from approximately 8:00 a.m. until on or about 6:30 p.m., Mondays through Tuesdays and from approximately 8:00 a.m.  until on or about 6:00 p.m., Wednesdays through Fridays (typically 51 hours per week).

44.    From approximately March 15, 2018 until on or about March 22, 2018, Plaintiff Hernandez worked as a dry cleaner worker from approximately 8:00 a.m. until on or about 6:30 p.m., Mondays through Tuesdays and from approximately 8:00 a.m. until on or about 6:00 p.m., Wednesdays through Thursdays (typically 41 hours per week).

45.    From approximately 2012 until on or about March 14, 2018, Defendants paid Plaintiff Hernandez her wages in cash.

46.     From approximately March 15, 2018 until on or about March 22, 2018, Defendants paid Plaintiff Hernandez her wages in a combination of check and cash.

47.    From approximately November 28, 2011 until on or about December 2012, Defendants paid Plaintiff Hernandez a fixed salary of $280 per week.

48.    During 2013, Defendants paid Plaintiff Hernandez a fixed salary of $300 per week.

49.    During 2014, Defendants paid Plaintiff Hernandez a fixed salary of $320 per week.

50.    During 2015, Defendants paid Plaintiff Hernandez a fixed salary of $340 per week.

51.     During 2016, Defendants paid Plaintiff Hernandez a fixed salary of $360 per week.

52.     During 2017, Defendants paid Plaintiff Hernandez a fixed salary of $380 per week.

53.     From approximately January 2018 until on or about March 14, 2018, Defendants paid Plaintiff Hernandez a fixed salary of $400 per week.

54.     From approximately March 15, 2018 until on or about March 22, 2018, Defendants paid Plaintiff Hernandez a fixed salary of $400 per week.

55.     Plaintiff Hernandez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Hernandez (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

60.     Plaintiff Hernandez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

61.     Defendants' pay practices resulted in Plaintiff Hernandez not receiving payment for all her hours worked, and resulting in Plaintiff Hernandez's effective rate of pay falling below the required minimum wage rate.

62.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

63.     Plaintiff Hernandez was paid her wages in a combination of check and cash.

64.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

65.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Hernandez (and similarly situated individuals) worked, and to avoid paying Plaintiff Hernandez properly for her full hours worked.

66.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

67.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Hernandez and other similarly situated former workers.

68.     Defendants failed to provide Plaintiff Hernandez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work

covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

69.     Defendants failed to provide Plaintiff Hernandez  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

70.      Plaintiff Hernandez  brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

71.     At all relevant times, Plaintiff Hernandez  and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions,

and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

72.     The claims of Plaintiff Hernandez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

73.     Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

74.     At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Hernandez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

75.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77.     Defendants failed to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78.     Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79.    Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80.    Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

81.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Hernandez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.    Defendants' failure to pay Plaintiff Hernandez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83.    Plaintiff Hernandez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

84.    Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

85.    At all times relevant to this action, Defendants were Plaintiff Hernandez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Hernandez, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

86.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Hernandez less than the minimum wage.

87.      Defendants' failure to pay Plaintiff Hernandez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

88.      Plaintiff Hernandez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

89.      Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

90.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Hernandez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

91.      Defendants' failure to pay Plaintiff Hernandez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92.      Plaintiff Hernandez was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

93.      Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

94.      Defendants failed to provide Plaintiff Hernandez with a written notice, in English and in Spanish (Plaintiff Hernandez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95.      Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96.      Plaintiff Hernandez repeats and realleges all paragraphs above as though fully set forth herein.

97.      With each payment of wages, Defendants failed to provide Plaintiff Hernandez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98.      Defendants are liable to Plaintiff Hernandez in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

99.    Plaintiff Hernandez repeats and realleges all paragraphs above as though set forth fully herein.

100.    Defendants did not pay Plaintiff Hernandez on a regular weekly basis, in violation of NYLL §191.

101.    Defendants are liable to Plaintiff Hernandez in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hernandez respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Hernandez and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Hernandez's and the

FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Hernandez and the FLSA Class members;

(f)    Awarding Plaintiff Hernandez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Hernandez and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(i)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Hernandez;

(j)    Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Hernandez;

(k)    Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Hernandez's compensation, hours, wages and any deductions or credits taken against wages;

(l)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Hernandez;

(m)    Awarding Plaintiff Hernandez damages for the amount of unpaid minimum wage

and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(n)     Awarding Plaintiff Hernandez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Hernandez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Hernandez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Hernandez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Hernandez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

March 30, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42ⁿᵈ Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 23, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Sofia Hernandez Juarez**

                                   Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                      23 de marzo de 2018

*Certified as a minority-owned business in the State of New York*