UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SOFIA HERNANDEZ JUAREZ, *individually* :
*and on behalf of others similarly situated*, :
:
                              Plaintiff, :        18-CV-2843(VSB)
:
           - against - :        **OPINION & ORDER**
:
MANHATTAN LAUNDRY CENTERS INC. :
(D/B/A MANHATTAN LAUNDRY :
CENTER), HERE TO CLEAN, INC (D/B/A :
HERE TO CLEAN INC.), PRECIOUS 2 NY, :
INC. (D/B/A PRECIOUS 2 NY, INC.), :
EUNG HO (A.K.A CHOY) KIM, KRIS H :
YUN, JOHN DOE (A.K.A MR. JIN), and :
ASHIMA (A.K.A MRS. KIM, A.K.A MR. :
KIM'S WIFE) DOE, :
:
                             Defendants. :
:
-----------------------------------------------------------X

Appearances:

Catalina Sojo
CSM Legal P.C.
New York, NY
*Counsel for Plaintiff*

Peter Y Lee
Lee LLC
Edgewater, NJ
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

       On October 26, 2018, I ordered default on the issue of liability under the Fair Labor Standards Act ("FLSA") be entered against Defendants Manhattan Laundry Centers Inc., Precious 2 NY, Inc., Here to Clean, Inc., Eung Ho Kim, and Kris H Yun. (Doc. 45 at 2.) I then

referred the case to Magistrate Judge Kevin Nathaniel Fox for inquest on damages. (Doc. 46.) Before me is the Report and Recommendation ("R&R" or "Report") addressed to me from Judge Fox regarding the damages issue, (Doc. 67), Plaintiff's objections to the Report, (Doc. 69), and Defendants' reply to Plaintiff's objections, (Doc. 72). For the reasons below, the Report is ADOPTED in part and REJECTED in part.[1] Plaintiff shall be awarded statutory damages of $10,000 and attorneys' fees and costs of $3,300, for a total of $13,300.

## I.     Legal Standards and Applicable Law

### A.     *Reviewing the Report and Recommendation*

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *See, e.g.*, *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Baez v. RCO Restoration Corp.*, 20-cv-1066 (VSB) (JLC), 2021 WL 4077944, at *2 (S.D.N.Y. Sept. 8, 2021).

Here, I will review the objected portion of the R&R de novo and review the rest for clear error. *See, e.g. Schiff v. Yayi Int'l, Inc.*, 15-cv-359 (VSB), 2020 WL 3893345, at *4–5 (S.D.N.Y.

---

[1] For purposes of this Order, I assume familiarity with the underlying facts and analysis as set forth in Judge Fox's Report and Recommendation. (See generally R&R.)

July 9, 2020) (reviewing objected portion of the damages award issued by a magistrate judge de novo and the rest for clear error); *Murphy v. Lajaunie*, No. 13-cv-6503 (RJS), 2019 WL 642695, at *2 (S.D.N.Y. Feb. 15, 2019) (same); *Jowers v. DME Interactive Holdings, Inc.*, No. 00 Civ. 4753 LTS KNF, 2006 WL 1408671, at *2 (S.D.N.Y. May 22, 2006) (same); *but see Reiseck v. Universal Communs. of Miami, Inc.*, No. 06 Civ. 0777(LGS), 2014 WL 5364081, at *1 n.1 (S.D.N.Y. Oct. 22, 2014) (in dicta, referring to "damages inquest" as "non-dispositive motions" that are subject to the lower standard of review under Rule 72(a)).

### B.     *Determining Damages*

After entry of default judgment against a defendant on a particular claim, "the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Orient Express Container Co. v. Verde Textile USA Corp.*, 430 F. Supp. 3d 1, 3 (S.D.N.Y. 2019) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999)).  Plaintiff must establish damages "unless the amount is liquidated or susceptible of mathematical computation."  *Loop Prod. v. Capital Connections LLC*, 797 F. Supp. 2d 338, 352 (S.D.N.Y. 2011) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  A plaintiff "bears the burden of establishing [its] entitlement to recovery and thus must substantiate [its] claim with evidence to prove the extent of [its] damages."  *Am. Jewish Comm. v. Berman*, No. 15CV5983LAKJLC, 2016 WL 3365313, at *3 (S.D.N.Y. June 15, 2016), *report and recommendation adopted*, No. 15-CV-5983 (LAK), 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016) (quoting *Dunn v. Advanced Credit Recovery Inc.*, No. 11 CIV. 4023 PAE JLC, 2012 WL 676350, at *2 (S.D.N.Y. Mar. 1, 2012), *report and recommendation adopted*, No. CIV 4023 PAE, 2012 WL 1114335 (S.D.N.Y. Apr. 3, 2012)).  "[I]t is not necessary for the District Court to hold a hearing, as long as it has ensured that there [is] a basis for the damages specified in the default judgment."  *Seifts v.*

*Consumer Health Sols. LLC*, 61 F. Supp. 3d 306, 316 (S.D.N.Y. 2014) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "Even in the absence of a hearing, however, the district court cannot simply rely on the Plaintiff's statement of damages; there must be a basis upon which the court may establish damages with reasonable certainty." *House v. Kent Worldwide Mach. Works, Inc.*, 359 Fed.App'x. 206, 207 (2d Cir. 2010) (citing *Transatlantic Marine Claims Agency, Inc.*, 109 F.3d at 111). "[Courts] have interpreted this to mean that, even when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Id.*  The damages that the court awards "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *see Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007) (explaining that limiting damages to those specified in complaint "ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer").

In FLSA cases, a plaintiff must produce "sufficient evidence" to show the hours they worked "as a matter of just and reasonable inference." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).  While employers are required by law to "make, keep and preserve" records of employee wages and hours, if the employer fails to produce such records, the plaintiff can meet their burden of establishing damages solely through estimates based on their own recollection. *Pineda v. Masonry Constr., Inc.,* 831 F. Supp. 2d 666, 674 (S.D.N.Y. 2011) (citing 29 U.S.C. § 211(c)); *see also Doo Nam Yang*, 427 F. Supp. 2d at 335; *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 362 (2d Cir. 2011) (summary judgment).

## II. Discussion

Plaintiff objects Judge Fox's recommendation of zero damages. (Obj. 1.)[2] Specifically, Plaintiff argues that (1) she has established damages at inquest with sufficient evidence, (2) the erroneously filed documents should not have prejudiced her and she should have been given an opportunity to amend, and (3) Judge Fox should not have relied on evidence submitted by Defendants relating to a fire that destroyed Defendants' store and records. (*Id*. at 3, 7 and 9.) I address each objection in turn.

### A. *Damages*

At inquest, Plaintiff provided the following list of damages: (1) minimum and overtime wages of $49,411.88, spread of hours wages of $5,427.50[3], and "equal amounts of liquidated damages," along with interest; (2) "statutory damages of $5,000 for failure to provide wage notices, and $5,000 for failure to provide wage statements," (3) $5,892.00 in attorneys' fees and costs, and (4) "the total amount of $119,678.75 for unpaid overtime wages damages, spread of hours damages, liquidated damages, and other claims." (R&R at 3; *see also* Doc. 49 ("PFFCL") ¶¶ 22, 40–41.) The demands appear to be contradictory, as the sum of demands under (1) (minus interest), (2) and (3) is $125,570.76. This discrepancy in the record is addressed in Judge Fox's Report and Recommendation, but is not addressed or explained by Plaintiff in any of their post-inquest briefing. *See,* R&R at 15-16, Doc. 69.

As an initial matter, Judge Fox denied the spread of hours damages because Plaintiff did not seek these damages in her complaint, but only demanded these at the inquest stage. (R&R at 12–13.) Plaintiff does not object to this portion of the Report. I do not find Judge Fox's decision

---

[2] "Obj." refers to Plaintiff's Objection to Magistrate Judge's Report and Recommendation. (Doc. 69.)

[3] Plaintiff did not assert a spread-of-hours claim under the NYLL or seek spread-of-hours damages in the Complaint, and thus cannot recover spread-of-hours damages. *See,* R&R at 12-13.

5

concerning the failure of Plaintiff to prove spread of hours damages to be clearly erroneous, because Federal Rule of Civil Procedure 54(c) makes it clear that "a default judgement must not differ in kind from, or exceeding in amount, from what is demanded in the pleadings."  *See also Silge*, 510 F. 3d 157 at 161.  Plaintiff objects to the balance of Judge Fox's findings, and I address each intern below.

### 1. Minimum and Overtime Wage

Under both state and federal law, Defendants were required to pay Plaintiff a minimum wage for each hour she worked, 29 U.S.C. § 206; N.Y. Lab. Law § 652(1), and to pay her at one and one-half times the wage for each hour she worked over the forty-hour weekly maximum, 29 U.S.C. § 207(a)(1); 12 N.Y.C.R.R. § 142-2.2.  "Under 29 U.S.C. § 218(a), plaintiffs may recover the minimum wage at the rate set by state or federal law, whichever is greater." *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 316–17 (S.D.N.Y. 2013).  Here, Plaintiff stated in her declaration that:

- she was employed by Defendants from "approximately November 28, 2011 until on or about March 22, 2018."  (Doc. 51 Ex. 12 ("Hernandez Decl.") ¶ 7.)
- From approximately November 28, 2011 until on or about March 14, 2018, she worked typically 51 hours a week.  (*Id*. ¶ 12.)
- From approximately March 15, 2018 until on or about March 22, 2018, Plaintiff typically worked 41 hours a week.  (*Id*. ¶ 13.)
- She was paid a fixed salary, starting from $280 per week for the year 2011 and 2012, then with a yearly raise of $20, which leads to $400 per week by the year 2018.[4]  (*Id*. ¶¶

---

[4] Plaintiff stated during the Inquest that as of March, 2018, she was only working 4 days a week at the laundry and that "the check would say $240, but the woman would only give me $156 in cash".  It was not clear from the inquest record how such payments were made since Plaintiff mentioned getting both a check and cash.

6

- 16–22.)

- She never received overtime pay for hours worked in excess of 40 hours a week. (*Id*. ¶ 24.)

Plaintiff's testimony at the inquest hearing largely confirmed the information above. (Doc. 69 Ex. A ("Hernandez Tr.") 6:15-7:20, 8:23-10:12.)

In her Proposed Finding of Facts and Conclusions of Law, (Doc. 49 ("PFFCL")), Plaintiff states that the wage and hour damages she is entitled to are presented in the "damages chart" submitted herewith. (PFFCL ¶ 19.) No such "damages chart" was ever submitted by Plaintiff. The Inquest Memorandum mentioned the same "damages chart," (Doc. 50 at 5.); however, the Inquest Memorandum was filed by "Plaintiff Donato Rosales Medina," who is not a party to this action, (*id*. at 1). No "damages chart" was ever submitted by Plaintiff, or by "Plaintiff Donato Rosales Medina." (*See also* R&R at 12.)

Even if I credit the estimated hours based on Plaintiff's own recollection, *Pineda,* 831 F. Supp. 2d at 674, without more evidence, I cannot conclude that the amount of unpaid wage damages totals $49,411.88. Plaintiff bears the burden of "establishing [its] entitlement to recovery . . . with evidence to prove the extent of damages." *Dunn*, 2012 WL 676350, at *2. She has failed to do so. During the inquest, Plaintiff conceded that she did not work "the entire year every year" and admitted to receiving varying non-fixed wages for working less than 40 hours per week. (R&R at 6.) This contradicted Plaintiff's declaration that she received a fixed salary, and regularly worked overtime hours throughout the entire alleged employment period. Plaintiff's attorney represented at the inquest that he would supplement or amend the record to accurately reflect damages — but never did so. *Id.* Therefore, I do not have confidence in the materials Plaintiff submitted as accurately reflecting her damages. As indicated by Plaintiff's

testimony that she was paid varying non-fixed wages and worked varying hours over the alleged employment period, the calculation of unpaid wage damages Plaintiff seeks requires more than simple arithmetic of the alleged hours multiplied by the alleged fixed salary.  In light of this, I am unable to find that Plaintiff has established damages with "reasonable certainty". *Berman*, 2016 WL 3365313, at *3.  Therefore, I decline to award any unpaid minimum and overtime wage damages to Plaintiff.[5]

Because liquidated damages under both FLSA and NYLL, are awarded in an amount equal to the unpaid wages, *see Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14CV10234JGKJLC, 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016) (quoting 29 U.S.C. § 216(b)), *report and recommendation adopted sub nom. Xochimitl v. Pita Grill of Hell's Kitchen, Inc,* No. CIV. 10234 (JGK), 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016), I cannot determine the amount of liquidated damages, either.[6]  Therefore I further decline to award liquidated damages to Plaintiff.

### 2. Wage Notice and Wage Statements

Under New York Labor Law, employers are required to provide employees with a notice containing the rate and frequency of their pay at the time of hiring, NYLL § 195(1), and to furnish them with a written statement with each payment of wages, listing the dates covered by the payment, the regular rate of pay, the overtime rate, and the number of hours worked, NYLL § 195(3).  Violations of Section 195(1) result in damages of $50 per workday, for a maximum of $5,000, which is reached after 100 days.  NYLL § 198(1-b).  Violations of Section 195(3) result

---

[5] Plaintiff provided certain explanations related to the "damages chart," (*see* PFFCL ¶¶ 19–22), but I cannot assess the accuracy of these explanations without looking at the chart itself.

[6] Moreover, Plaintiff cannot recover liquidated damages under both FLSA and NYLL.  *See Chowdhury v. Hamza Express Food Corp.*, 666 F. App'x 59, 60 (2d Cir. 2016) (precluding a plaintiff from recovering liquidated damages under both FLSA and NYLL.)

8

in damages of $250 per workday, for a maximum of $5,000, which is reached after 20 days. NYLL § 198(1-d).

Here, Plaintiff claims that she is entitled to "statutory damages of $5,000 for failure to provide wage notices, and $5,000 for failure to provide wage statements. (R&R at 3; *see also* PFFCL ¶ 22.) Judge Fox found that Plaintiff's demands for violations of Section 195 were "contradictory," presumably because before claiming that she is entitled to $10,000 in total, Plaintiff states that she seeks "the $5,000 maximum penalties." (R&R at 13.) However, Plaintiff's intent is clear: she seeks to recover the maximum statutory damages under NYLL § 195(1) and (3). Plaintiff states in her declaration that she was "never provided with any document that reflected the hours [she] worked . . . [her] hourly rate of pay, overtime, or any other record or report regarding [her] pay, hours worked, or any deductions or credits taken against [her] wages" during her over-six-year employment, (Hernandez Decl. ¶ 25), an assertion that Defendant does not dispute. Therefore, contrary to Judge Fox, I find that the damages to which Plaintiff is entitled to under NYLL § 195(1) and (3) can be determined with reasonable certainty because the number of her workdays clearly exceeds 100 days, such damages should be the maximum damages allowed under the statute, which is $5,000 for violation of § 195(1), and $5,000 for violation under § 195(3), for a total of $10,000.

### 3. Attorneys' Fees and Costs

Under both the FLSA and the NYLL, a prevailing plaintiff may recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a). A court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *See Barfield v. New York City Health & Hosp. Corp.*, 537 F.3d 132, 151–52 (2d Cir. 2008). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar —

the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum v. Stenson*, 465 U.S. 886, 897 (1984), and must provide the court with sufficient information to assess the fee application, *see New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, 14 Civ. 1693 (HBP), 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases).

Here, Plaintiff seeks attorneys' fees and costs in the amount of $5,892 for her attorneys Michael Faillace and Shawn Clark. (PFFCL ¶ 40.) She explains that "[t]he attorneys' time records and costs are attached to the Faillace declaration as Exhibit M." (*Id*.) No such declaration or time records were ever filed as Exhibit M or otherwise. (*See* R&R at 14.) The Inquest Memorandum purportedly submitted by "Plaintiff Donato Rosales Medina" mentioned the same "attorneys' time records and costs," (Doc. 67 at 7), but again no such declaration or time records were ever filed. Moreover, in the Inquest Memorandum, the alleged total attorneys' fees and costs were "$5,635.00." (*Id*.) No explanation was provided for the discrepancies.

Upon objection to the R&R, Plaintiff pointed to the Declaration of Michael Faillace ("Faillace Declaration" or "Faillace Decl.") in support of her motion for default judgement and as well as the billing records previously filed at Doc. 40. (Obj. 7 n.1.) The billing records show that the attorney by the name of "MF," presumably Michael Faillace, spent 8 hours at the rate of $450 per hour, and the attorney by the name of "SC," presumably Shawn Clark, spent 4 hours at

10

the rate of $375 per hour, totaling an amount of $5,100 in attorneys' fees; the costs add up to $792, making a total amount of $5,892 in attorneys' fees and costs.  I find the overall hours that the two attorneys have spent on this case to be reasonable; however, because I have decided that the total amount of Plaintiff's recovery is $10,000, *see infra*, I find that an award of attorneys' fees and costs in the amount of $3,300.00, i.e. roughly one-third of Plaintiff's total recovery, is reasonable in this case.  *See Manley*, 2017 WL 1155916, at *9.  After subtracting the $792 in litigation costs, the two attorneys will be awarded $2,508 in attorneys' fees, yielding an hourly rate of $209 for each.  Although "[c]ourts of this Circuit commonly allow for hourly rates of $300 to $400" for attorneys like Faillace and Clark in FLSA and NYLL wage-and-hour cases, *Surdu v. Madison Glob., LLC*, No. 15 CIV. 6567 (HBP), 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018), a reduction of the hourly rates is warranted in this case where, because of the multiple attorneys' filing errors, I am unable to award Plaintiff her unpaid wage damages.

          **B.**    ***Erroneously Filed Documents***

As mentioned, the documents Plaintiff filed include multiple errors and discrepancies, including:  (1) the Inquest Memorandum filed in the name of the non-party "Plaintiff Donato Rosales Medina" dated January 17, 2018—a date which predates the commencement of this action—(*see* Doc. 49), (2) different amounts for attorneys' fees requested in PFFCL and the Inquest Memorandum, (3) the amount of "total damages" not equal to the total amount of damages Plaintiff actually seeks to recover, and (4) the absence of a "damages chart," declarations, and attorneys' records that should have been attached to the filings.  Although Plaintiff contends that "many of these documents were in fact filed previously at Docket 40," (Obj. 7 n.1), the only documents missing for the inquest but actually filed at Doc. 40 are the attorneys' fees and costs record and the Faillace Declaration, which I have taken into account in

determining the amount of attorneys' fees and costs to which Plaintiff is entitled.[7]

Plaintiff argues that she should have been given an opportunity to amend or correct her filings.  (Obj. 7.)  However, Plaintiff had already been given such opportunity when during the inquest hearing Judge Fox allowed both parties to file post-inquest memoranda.  (*See* Hernandez Tr. 18:25-19:16.)  In a letter dated May 30, 2019, Plaintiff's counsel informed Judge Fox that although "the matter of supplementation was raised at the inquest[,] upon review of the facts and caselaw after the hearing the [inquest memorandum (filed under the name of "Plaintiff Donato Rosales Medina")] was reflective of Plaintiff's position."  (Doc. 64 at 1 n.1.)  In other words, after having reviewed these clearly erroneous filings, Plaintiff herself decided that there was no need to amend or correct any of them.  As such, Plaintiff is not entitled to a second chance at this point when she had squandered her first one.

Plaintiff further argued that she has met her burden of showing damages through estimates of her own recollection.  (Obj. at 7–8 (citing *Kuebel*, 643 F.3d at 362) ("[A]n employee's burden in this regard is not high. . . . [I]t is possible for a plaintiff to meet this burden through estimates based on his own recollection.").)  Although Plaintiff does provide the estimates of the damages—$49,411.88 for unpaid wages—she fails to provide the damages chart or otherwise sufficiently explain how she reached this number, and her testimony during the inquest was inconsistent with her declaration.  Therefore, I do not find that Plaintiff has met her burden of establishing the damages with "reasonable certainty."  *Orient Express Container Co.*, 430 F. Supp. 3d at 3.

Plaintiff also claims that by disregarding her "declarations," Judge Fox "appears to be

---

[7] Faillace Declaration states that "[a]nnexed as Exhibit M is a chart setting out the damages Plaintiff is entitled to recover," (Faillace Decl. ¶ 24), but Exhibit M is only a two-page attorneys' billing record.

making a credibility determination." (Obj. at 8.) In any event, I have not disregarded her declaration, or indeed any evidence she has submitted; on the contrary, I find that even considering all the evidence, Plaintiff still fails to establish her damages as to the minimum and overtime wage claims, because she has provided no evidence to help me reach any number with reasonable certainty.

### C. *Evidence from Defendants*

Plaintiff lastly argues that the Report erroneously credited evidence submitted by Defendants relating to a fire that destroyed Defendants' store as well as all books and records, claiming that these are not admissible evidence. (Obj. 10.) Plaintiff also points to multiple places where the Report appears to adopt the evidence submitted by Defendants; specifically, Plaintiff points to two checks dated March 2018, claiming that Judge Fox "credit[ed] the March checks as being reflective of the method and mode of pay to Plaintiff, even though Plaintiff testified to the contrary, and even though Defendant's provided no evidence to combat that assertion." (Doc 69 at 8.) These are not accurate assertions. First, Judge Fox did not find that the checks contradicted Plaintiff's testimony as to the "method and mode of pay." (*See* R&R 14 ("[The checks] appear[] to be consistent with [Plaintiff's] contention that from March 15–22, 2018, she was paid in a combination of check and cash.").) Second, I do not find that any of the places where Judge Fox referred to the fire incident or the checks played a material part in his decision. Rather, it seems that Judge Fox referred to the evidence mainly to provide a background of the case and to summarize the parties' positions. (*See* R&R 4–5, 6.) In any case, I have determined the total award of damages to Plaintiff without relying on any evidence submitted by Defendants.

13

### III.  Conclusion

For the reasons above, the Report and Recommendation is ADOPTED in part and REJECTED in part.  Plaintiff shall be awarded statutory damages of $10,000 and attorneys' fees and costs of $3,300.

SO ORDERED.

Dated: May 24, 2023
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge